UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ATWATER,

Petitioner,

v.

WARDEN TIMOTHY TAYLOR, *et al.*,

Respondents.

No. 1:26-cv-05508-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION

(Doc. 1)

**14-Day Objection Period**

Clerk of the Court to Assign District Judge

Petitioner Gregory Atwater ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on July 16, 2026, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota ("FCI-Mendota"). (Doc. 1).

The petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases[1] ("Habeas Rules").

**Preliminary Screening**

Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The Advisory Committee Notes to Rule 8 provide that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011). In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Here, although Petitioner purports to challenge the manner or conditions of execution of his sentence, as discussed further below, this Court lacks subject matter jurisdiction over his claim.

**<u>Relevant Background</u>**

Petitioner asserts a single claim in his petition, denominated "Gound One." (Doc. 1 at 6). He asserts that the BOP and FCI-Mendota are miscalculating his sentence "by denying my request for a 1-point reduction of my criminal history points from my FSA Recidivism Risk Assessment (PATTERN) score, and custody classification rating." *Id.* In relief, Petitioner requests that BOP and FCI-Mendota "reduce my CHP-criminal history points from 10 to 9, and decrease my PATTERN score, as well as my custody classification rating correctly." *Id.* at 7.

**<u>Discussion</u>**

**A. Governing Authority**

The First Step Act of 2018 ("FSA") "codifies the FSA's mandate for a risk and needs

assessment system" which "provides incentives for prisoners to participate" and "creates earned time credits." *Gonzalez v. Herrera*, 151 F.4th 1076, 1080-81 (9th Cir. 2025) (citing 18 U.S.C. § 3632(d)(4)(C)). The statute "incentivizes prisoners to complete evidence-based recidivism reduction programs in exchange for awards, including earned time credits prisoners can utilize to accelerate their release from prison to prerelease custody, or to accelerate the termination of their supervised release." *Dempster v. Salmonson*, No. 3:25-cv-00490-AN, 2025 WL 2617795, at *1 (D. Or. Sept. 10, 2025) (citing *Gonzalez*, 151 F.4th at 1085). "Passage of the FSA required the BOP to create an assessment system that evaluates the risk and needs of each federal prisoner, determine the recidivism risk for each prisoner, and classify each prisoner as posing a minimum, low, medium, or high risk of recidivism." *Id.* (citing 18 U.S.C. §§ 3631, 3632(a)). "In order to satisfy that requirement, the BOP developed its PATTERN scoring system." *Id.* "Prisoners are provided opportunities to reduce their PATTERN score during periodic reassessments." *Woods v. Warden, Federal Detention Ctr. SeaTac*, No. 2:24-cv-02181-LK, 2025 WL 1211190, at *3 (W.D. Wash. Apr. 3, 2025), *report and recommendation adopted*, 2025 WL 1207663 (W.D. Wash. Apr. 25, 2025).

"All federal [prisoners] who are not serving a sentence for a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D) are eligible to earn FSA time credits provided they complete eligible recidivism reduction programs." *Dempster*, 2025 WL 2617795, at *1. "However, not all [prisoners] can apply their earned time credits to their sentences." *Id.* Only prisoners who are designated as either minimum or low risk of recidivism by virtue of their PATTERN score are eligible to apply their earned FSA time credits toward early release from prison to prerelease custody or supervised release. *Id.* (citing 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5); 28 C.F.R. § 523.542). "Prisoners deemed to pose a medium or high risk of recidivism are excluded from utilizing any earned FSA time credits until they achieve a low or minimum PATTERN score." *Id.* (citing 18 U.S.C. §§ 3624(g), 3632(d)(5); 28 C.F.R. § 523.544).

### B. The Court Lack Subject Matter Jurisdiction Over Petitioner's Claim

The Court lacks jurisdiction to review BOP's individualized determination of Petitioner's recidivism risk category and/or PATTERN score and how that determination would preclude

application of FSA credits toward Petitioner's early release.

A district court has "jurisdiction to decide whether the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority[.]" *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). However, a district court "has no jurisdiction over discretionary designation decisions[.]" *Id.* Section 3625, entitled Inapplicability of the Administrative Procedure Act ("APA"), excludes from judicial review "any determination, decision, or order under [18 U.S.C. §§ 3621–3625.]" *Reeb v. Thomas*, 636 F.3d 1224, 1226, 1127 (9th Cir. 2011) (finding a district court lacks jurisdiction to review "any substantive decision by the BOP to admit a particular prisoner into [the Residential Drug Abuse Treatment Program ("RDAP")], or to grant or deny a sentence reduction for completion of the program[.]").

Therefore, district courts lack jurisdiction to review discretionary decisions by the BOP involving a prisoner's recidivism risk, transfers to prerelease custody, or early supervised release pursuant to the application of FSA time credits. *See Dempster*, 2025 WL 2617795, at *2 ("The BOP's determinations as to Petitioner's PATTERN score and his resulting present inability to apply earned time credits to prerelease custody or supervised release are governed by 18 U.S.C. § 3621(h) and § 3624(g), respectively. In [] § 3625, Congress prohibited judicial review of BOP decisions made under these statutes."); *Woods*, 2025 WL 1211190, at *3 (same); *Monsevaiz v. Doerer*, No. 2:24-cv-09925, 2025 WL 808235, at *2 (C.D. Cal. Jan. 10, 2025), *report and recommendation adopted*, 2025 WL 808233 (C.D. Cal. Mar. 12, 2025) (same).

Here, Petitioner does not allege that BOP acted contrary to federal law, violated the U.S. Constitution, or exceeded its statutory authority, and does not otherwise advance a cognizable claim for relief the escapes the jurisdictional bar of § 3625. Therefore, the undersigned will recommend Petitioner's petition be dismissed for lack of jurisdiction. *See Simental-Lopez v. Warden, FCI Mendota*, No. 1:25-cv-00303-KES-EPG (HC), 2025 WL 3754372, at *5 (E.D. Cal. Dec. 29, 2025) ("Petitioner's 'challenge to the BOP's assessment of his recidivism risk level is not reviewable in a § 2241 habeas petition.'") (quoting *Tennigkeit v. Taylor*, No. 24-6322, 2025 WL 618740, at *1 (9th Cir. Feb. 26, 2025)), *report and recommendation adopted*, 2026 WL 825720 (E.D. Cal. Mar. 25, 2026). Accord *Woods*, 2025 WL 1211190, at *4 (finding "the Court lacks jurisdiction over

Petitioner's claim the BOP has miscalculated his PATTERN score and has incorrectly assessed his risk of recidivism, thereby improperly denying him FSA early release credits."); *Dempster*, 2025 WL 2617795, at *3 (same).

**<u>Conclusion, Order, and Recommendation</u>**

The Clerk of the Court is DIRECTED to randomly assign a U.S. District Judge to this action.

For the reasons set forth herein, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed with for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **<u>September 18, 2026</u>**

UNITED STATES MAGISTRATE JUDGE