**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GREGORY ATWATER,

Petitioner,

v.

WARDEN, TIMOTHY TAYLOR, *et al.*,

Respondents.

Case No. 1:26-cv-05508 JLT CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 6, 9)

Gregory Atwater is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prisons and FCI-Mendota are miscalculating his sentence by denying a request "for a 1-point reduction of [his] criminal history points from [his] FSA Recidivism Risk Assessment (PATTERN) score and custody classification rating." (Doc. 1 at 6.) The magistrate judge found this Court lacks subject matter jurisdiction over the sole claim raised in the petition, because "district courts lack jurisdiction to review discretionary decisions by the BOP involving a prisoner's recidivism risk, transfers to prerelease custody, or early supervised release pursuant to the application of FSA time credits." (Doc. 6 at 4; *see also id.* at 4-5.) Therefore, the magistrate judge recommended the Court dismiss the petition for lack of subject matter jurisdiction. (*Id.* at 5.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 14 days. (Doc. 6 at 5.) The Court advised him that the "failure to

file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) On October 8, 2026, the Court granted Petitioner's motion for an extension of time *nunc pro tunc* to file objections no later than October 23, 2026.[1] (Doc. 8.) After the extended deadline passed, the Court received a second request for an extension of time. However, Petitioner does not explain why he waited until receiving the Court's prior order granting an extension of time to prepare any objections, or why he has been able to prepare objections despite having more than 30 days to do so. To the extent Petitioner indicates the facility was locked down on October 6, 2026, he does not identify the duration of the lockdown or how it affected his ability to respond to the Findings and Recommendations. Thus, the Court does not find a further extension of time is warranted.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 18, 2026 (Doc. 6) are **ADOPTED** in full.
2. Petitioner's motion for a second extension of time (Doc. 9) is **DENIED**.
3. Petitioner's petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.
4. The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated: November 9, 2026

[signature: Jennifer L. Thurston]
UNITED STATES DISTRICT JUDGE

[1] Petitioner's motion for an additional extension of time (Doc. 9) is **DENIED**. Petitioner does not explain why he waited until receiving the Court's order granting an extension of time to prepare his objections, or why he has been able to prepare objections despite having more than 30 days to do so.